THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH HOOK and NORA HOOK, individually and as a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>HOLLAND AMERICA LINE N.V. d/b/a HOLLAND AMERICA LINE N.V. LLC, a Curacao limited liability company,<br><br>Defendant. | CASE NO. C20-1009-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs Kenneth and Nora Hooks' motion for priority trial setting and to conduct trial via Zoom (Dkt. No. 8). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

**I.   BACKGROUND**

Plaintiffs live in Ontario, Canada. (Dkt. No. 1 at 1.) On March 7, 2020, Plaintiffs boarded the Zaandam, a cruise ship operated by Defendant Holland America Line N.V. (*See id.* at 1–2.) During Plaintiffs' trip, the Zaandam suffered an outbreak of COVID-19. (*See id.* at 5–6; Dkt. No. 10 at 7.) While still aboard the Zaandam, Mr. Hook fell ill; on April 2, the ship's medical personnel confirmed that he had contracted COVID-19. (*See* Dkt. No. 1 at 7.) Mrs. Hook did not

contract the virus. (*See generally id.*) Mr. Hook was transferred to an Ontario hospital, where he remained until at least May 31. (*See id.* at 10.) Plaintiffs allege that Mr. Hook's extended battle with the virus caused serious physical ailments that continue to affect him. (*See id.* at 9–10.)

Plaintiffs filed the present action on June 29, 2020, asserting claims against Defendant based on theories of negligence. (*See generally id.*) Plaintiffs now move for an expedited trial date and move for the Court to conduct the trial over Zoom. (Dkt. No. 8.)

**II. DISCUSSION**

A district court may "expedite the consideration of any action . . . if good cause is therefor shown." 28 U.S.C. § 1657(a). A party can establish good cause by showing that "a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* Further, Western District of Washington Local Civil Rule 40(a) allows a court to "make such orders as may facilitate the prompt, inexpensive, and just disposition of any action."

Here, Plaintiffs have not sufficiently supported their request for an expedited trial date. Plaintiffs do not assert rights arising under the Constitution or a federal statute or establish that such rights would be maintained in a context that merits expedited consideration. *See* 28 U.S.C. § 1657(a); (*see generally* Dkt. No. 8). Instead, Plaintiffs assert that the long-term effects of Mr. Hook's hospitalization may affect his life expectancy, which supports prioritizing their trial. (Dkt. No. 8 at 3.) Further, Plaintiffs assert that conducting the trial over Zoom is appropriate here because Mr. Hook's condition and border closures make travel difficult and court appearances impractical. (*Id.* at 4.) However, the medical records attached to Plaintiffs' motion are too remote to illustrate Mr. Hook's present health. (*See generally* Dkt. No. 9-1.) And though the Court acknowledges the uncertainty associated with Mr. Hook's condition, other considerations weigh against departing from the Court's standard trial procedures: it may be premature to expedite proceedings because a trial date has not yet been set, and the Court is not convinced that the significant logistical hurdles raised by Plaintiffs' request can be sufficiently settled if

proceedings are expedited. Finally, a later trial date may allow time for some of Plaintiffs' concerns to resolve, including the travel and health risks and travel restrictions due to COVID-19. Therefore, Plaintiffs' request for an expedited trial date must be denied at this time. Likewise, absent a trial date, Plaintiffs' request to conduct their trial via Zoom is premature.

### III.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion for priority trial setting and to conduct trial via Zoom (Dkt. No. 8) is DENIED.

DATED this 3rd day of September 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE