UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH HOOK and NORA HOOK, individually and as a marital community,

Plaintiffs,

v.

HOLLAND AMERICA LINE N.V. d/b/a HOLLAND AMERICA LINE N.V. LLC, a Curacao limited liability company,

Defendant.

C20-1009 TSZ

ORDER

THIS MATTER comes before the Court on a Motion to Dismiss Plaintiffs' First Amended Complaint (FAC) under Federal Rule of Civil Procedure 12(b)(6) brought by Defendant Holland America Line N.V. (HAL), docket no. 17.  The Court has reviewed all papers filed in support of, and in opposition to, the motion.  For the reasons stated in this order, the Court DENIES the motion.

**12(b)(6) Standard**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and

ORDER - 1

contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than mere speculation of a right to relief.  *Id.*  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 558.  A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  *Twombly*, 550 U.S. at 570.  If the Court considers matters outside the complaint, it must convert the motion into one for summary judgment.  Fed. R. Civ. P. 12(d).  If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**<u>Plaintiffs' Negligence Claims – FAC at ¶¶ 4.1–4.26</u>**

In January 2020, the World Health Organization (WHO) declared COVID-19 a world health emergency of the highest level.  FAC at ¶ 3.34.  Beginning February 3, 2020, a ship owned by HAL's sister company, Princess, was under quarantine at Yokohama's port near Tokyo.  FAC at ¶ 3.42.  Another Princess ship was "in the midst" of suffering from a COVID-19 outbreak and trying to obtain permission to dock in Oakland, CA.  FAC at ¶ 3.43.  The Hooks boarded a HAL ship, the Zaandam, on March

ORDER - 2

7, 2020.  FAC at ¶ 3.51.  On April 1, 2020, Plaintiff Kenneth Hook "was not feeling well" and had a fever and difficulty breathing.  FAC at ¶ 3.91.  Kenneth Hook later tested positive for COVID-19.  FAC at ¶ 3.95.  Plaintiffs allege that HAL acted negligently by allowing the Zaandam to sail, by failing to reasonably screen passengers and crew, by failing to timely and effectively implement precautions, and by unreasonably promoting the consumption of alcohol.  FAC at ¶¶ 4.1–4.26

Where the basis of the plaintiffs' claims is a condition not unique to the maritime context, a carrier must have "'actual or constructive notice of the risk-creating condition' before it can be held liable."  *Samuels v. Holland America Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)).  "Actual notice exists when the defendant knows of the risk creating condition."  *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016).  A carrier has constructive notice of a dangerous condition when it has existed for such a period that the carrier must have known the condition was present and thus was invited to correct it.  *Id.* at 1250–51.  In a pleading, the plaintiff may allege knowledge generally.  Fed. R. Civ. P. 9(b).

Plaintiffs allege in the FAC that "HAL knew about the specific dangers posed by COVID-19 before the Zaandam sailed," and that it "knew that it lacked capacity to effectively deal with serious infectious diseases on its vessels."  FAC at ¶¶ 3.32–3.33.  Additionally, they allege that "HAL knew that COVID-19 had created a pandemic and that COVID-19 was rapidly transmitted in close and closed environments like cruise ships."  FAC at ¶ 3.45.  Prior to the Zaandam leaving port, the WHO had declared that

ORDER - 3

COVID-19 was a world health emergency of the highest level, and two ships owned by HAL's sister company were already handling COVID-19 infections.  FAC at ¶¶ 3.34, 3.42–3.43.  Plaintiffs adequately allege that HAL had actual and/or constructive notice of the COVID-19 pandemic.  *Cf. Samuels*, 656 F.3d at 954 (noting that where the carrier lacked knowledge of "any similar accident, or any accident at all," the plaintiff did not prove actual or constructive notice).  The Court DENIES HAL's motion to dismiss as to Plaintiffs' negligence claims.

**Plaintiff Nora Hook's Claim – Negligent Infliction of Emotional Distress – FAC at ¶¶ 4.27–4.30**

The Court DENIES HAL's motion to dismiss as to Nora Hook's Negligent Infliction of Emotional Distress (NIED) claim.  Under federal maritime law, a plaintiff seeking to recover for NIED can bring a claim under "the zone of danger" test.  *Stacy v. Rederiet Otto Danielsen, A.S.*, 609 F.3d 1033, 1035 (9th Cir. 2010) (citing *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 547–48 (1994)).  "[T]he zone of danger test limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct."  *Gottshall*, 512 U.S. at 547–48.  A plaintiff sustains a physical impact if they manifest some symptoms of the feared disease.  *Cf. Metro-North Commuter R. Co. v. Buckley*, 521 U.S. 424, 427 (1997) (stating that the plaintiff could not recover under NIED based on exposure to a disease "unless, and until, he manifests symptoms").  Nora Hook alleges that she suffered symptoms associated with COVID-19 including a sore

ORDER - 4

1   throat, cough, rash, and fatigue.  FAC at ¶ 3.104.  She sufficiently alleges a claim for

2   NIED.

3      IT IS SO ORDERED.

4      Dated this 5th day of November, 2020.

*[signature: Thomas S. Zilly]*

THOMAS S. ZILLY
United States District Judge